IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GEORGE D. GIBSON,**

   **Plaintiff,**

  v.       CASE NO. 09-3282-SAC

**GLEN KICHANOWSKI,**
**SALINE COUNTY SHERIFF,**
**et al.,**

   **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Saline County Jail, Salina, Kansas. Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2).

Plaintiff names as defendant the Sheriff of Saline County. He seeks injunctive relief, and alleges that defendant does not provide an adequate law library for inmates to "do post conviction relief and to do legal research."

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

The fee for filing a civil rights complaint is $350.00. Plaintiff has filed an Application to Proceed Without Prepayment of Fees. He is forewarned that under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

The financial documents provided with plaintiff's motion appear to indicate that he has insufficient funds available at this time to pay either the full or an initial partial fee. Pursuant to §1915(b)(2), the Finance Office of the facility where he is currently confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**SCREENING**

Because Mr. Gibson is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for failure to state a claim of federal constitutional violation.

It is well-established that an inmate has a constitutional right of access to the courts. However, to state a claim of denial of that right, the inmate must allege something more than that the prison's or jail's law library or legal assistance program is inadequate. He must "go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program

2

hindered his efforts to pursue a legal claim," causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated, or impeded. Id. at 350, 353. Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." Id. at 351, *citing* Bounds v. Smith, 430 U.S. 817, 830 (1977). It follows that the inmate represented by counsel in a pending action, is not entitled to a law library.

Plaintiff will be given time to state what court action or actions he is pursuing, whether he is representing himself therein, and to describe how that particular case or cases have been actually impeded by the alleged inadequate access to legal materials.

Moreover, plaintiff must allege facts showing actual personal participation in the alleged denial of his right to access by the person named as a defendant. A jail official is not liable for damages under 42 U.S.C. 1983 based solely upon his or her supervisory capacity.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2) is granted and he is assessed the fee of $350.00.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days from the date of this Order in which to show cause why this action should not be dismissed for failure to state a claim of denial of access.

3

Copies of this Order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 14th day of January, 2010, at Topeka, Kansas.

s/Sam A. Crow<br>
U. S. Senior District Judge